IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY BAINBRIDGE, et al.
            *Plaintiffs*                    Case No. 8:99-CV-2681JDW-TBM
                                            Hon. James D. Whittemore

vs.

STERLING WHISENHUNT, Director of the Florida
Division of Alcoholic Beverages and Tobacco,
            *Defendant*
_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO
## MOTION TO MODIFY JUDGMENT

Sixteen years after final judgment was entered in favor of the Plaintiffs, the Florida Division of Alcoholic Beverages and Tobacco (DABT) has asked the Court to revise that judgment and narrow the scope of the injunction. The DABT offers a number of arguments why it thinks the injunction originally should have been written more narrowly, but it is long past the time in which the Rules of Civil Procedure authorize such a motion. The long-standing principle of finality requires an end to litigation, *Cano v. Baker,* 435 F.3d 1337, 1340 (11th Cir. 2006), and the losing party cannot ask for another bite of the apple after sixteen years. The motion is frivolous and a complete waste of everyone's time.

In 2005, this Court held that FLA. STATS. §§ 561.541(1)-(2) and 561.545(1) violated the Commerce Clause and enjoined the DABT from enforcing them. (Doc. No. 196). Those statutes prohibited the direct shipment of wine to consumers from out-of-state "suppliers," including both vendors[1] and producers. The DABT now argues that the injunction was too broad and asks that it

---

[1] A "vendor" is any business that sells alcoholic beverages at retail. Fla. Stat. § 561.14(3) (2005). All citations herein are to the Florida statutes as they existed in 2005.

be narrowed to apply only to shipments by out-of-state producers and not to shipments by other kinds of wine vendors. The motion should be denied. Even if the DABT might have prevailed on its request for a narrower injunction sixteen years ago, it is procedurally barred from raising it now.

The DABT filed its motion under FED. R. EVID. 60 for relief from judgment. It makes two related arguments for why this Court should reopen the case and modify its injunction: a) That the inclusion of vendors in the injunction was an inadvertent mistake, and b) That the injunction is void because it exceeded the scope of the parties' agreement. Both arguments are frivolous.

An inadvertent mistake falls under Rule 60(b)(1), which allows the Court to relieve a party of a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." However, a motion made under 60(b)(1) "must be made ... no more than a year after the entry of the judgment or order." FED. R. CIV. P. 60(c)(1). It does not allow an injunction to be modified sixteen years later.

A void judgment falls under Rule 60(b)(4) and is not subject to the one-year limit. However, a judgment is void only "where the court lacked jurisdiction or where the movant was denied due process." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736 (11th Cir. 2014). *Accord United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 276 (2010); *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic,* 788 F.3d 1329, 1338 (11th Cir. 2015). The DABT does not contend either that the Court lacked jurisdiction or that it was denied due process, so Rule 60(b)(4) cannot be invoked.[2]

---

[2] In any event, the Court could not grant the relief sought by the DABT under this provision. If the judgment is void for lack of jurisdiction or denial of due process, all of it is void and it must be set aside in its entirety. *Burke v. Smith,* 252 F.3d 1260, 1267 (11th Cir. 2001). The Court would lack jurisdiction to modify a void judgment by changing the scope of the relief. *U.S. v. One Hundred Nineteen Thousand Nine Hundred Eighty Dollars ($119, 980.00)*, 680 F.2d 106, 107 (11th Cir. 1982).

The DABT attempts to circumvent this bar to its belated effort to re-argue the proper scope of the injunction by calling the inclusion of vendors a "clerical error" that may be corrected under Rule 60(a). This is nonsense. A clerical error is a minor mistake or omission made by the clerk or another court official[3] in recording the judgment. It does not include an alleged error by the District Judge in the judgment itself that affects the substantial rights of the parties. *Weeks v. Jones*, 100 F.3d 124, 128-29 (11th Cir. 1996). The modification requested by DABT would have a significant harmful impact on the Plaintiffs because it would cut off direct wine shipments from out-of-state vendors who are not wineries, including retailers and wine-of-the-month clubs – a privilege they fought to earn through six years of litigation.[4] See Bainbridge Decl, Exh. A; Rabins Decl., Exh. B. This Circuit has repeatedly held that Rule 60(a) may not be used to make a substantive change, correct a mistake of law or judgment, or "clarify" an order that the Court later believes should have been issued differently. *E.g., Estate of West v. Smith,* 9 F.4th 1361, 1368 (11th Cir. 2021); *Weeks v. Jones,* 100 F.3d at 128-20 (and cases cited therein). A party raising concerns about a possible substantive mistake in an order must file a motion under Rule 60(b) within the one-year time limit set in Rule 60(c)(1). The DABT did not.

In an attempt to minimize the significant impact that the proposed modification would have, the DABT mischaracterizes the case and the Supreme Court's decision in *Granholm v. Heald*,

---

[3] Although Rule 60(a) clerical mistakes need not be made by the clerk, "they must be in the nature of recitation of amanuensis mistakes that a clerk might make." *Weeks v. Jones,* 100 F.3d 124, 128-29 (11th Cir. 1996). An amanuensis mistake is one made by a person who writes down what another person dictates. BLACK'S LAW DIC. 72 (5th ed. 1979).

[4] The case was never limited to direct shipment from wineries. The Amended Complaint (Doc. No. 36) challenges Florida's law that prohibits *all* out-of-state "suppliers" from delivering wine to consumers. (Intro, ¶¶ 11, 17, 19, 20, 21, 24, 25, 27). It requests as relief that the defendant be enjoined from enforcing the shipping ban against all out-of-state suppliers, not just wineries.

544 U.S. 460 (2005). Its claims about the "mutual" intent of the parties and their interpretation of *Granholm* are not accurate. They reflect the DABT's side of a heavily disputed case, but the DABT does not speak for the Plaintiffs.[5] The litigation was never limited to wineries. The Amended Complaint (Doc. No. 36) challenges the law prohibiting all out-of-state "suppliers" from delivering wine to consumers. (Intro, ¶¶ 11, 17, 19, 20, 21, 24, 25, 27).[6] It requests as relief that the DABT be enjoined from enforcing the shipping ban against all out-of-state suppliers, not just wineries.

Nor was *Granholm* limited to wineries. The Supreme Court held that states may not discriminate against out-of-state "producers or shippers," 544 U.S. at 472, nor "deprive citizens of their right to have access to the markets of other States." *Id*. at 473. The Court clarified this in *Tenn. Wine & Spirits Retailers Asso. v. Thomas*, 139 S.Ct. 2449, 2470-71 (2019) (no sound basis for distinguishing producers from other wine sellers). The DABT is not asking this court merely to correct an innocuous clerical error. It is asking the Court to reopen the litigation, hear further argument, and then issue a new injunction narrower in scope than the existing one. This is not appropriate under Rule 60(a). *Estate of West v. Smith*, 9 F.4th at 1368-69.

Rule 60 also contains a catch-all provision allowing a court to grant relief from judgment for "any other reason." FED. R. CIV. P. 60(b)(6). That provision is also not available to the DABT because it is time-limited. Any motion under Rule 60(b) must be made within a "reasonable

---

[5] The attorney filing the motion for the DABT was not involved in the case sixteen years ago and is not from the Attorney General's office which handled it. In addition, there have been seven different directors of the DABT in the intervening years. It is likely that they have an incomplete understanding of the case, the discussions among the parties, or the scope of the agreement that led to the final judgment.

[6] The word "supplier" is used in Fla. Stat. § 561.54 to refer to all entities that ship alcohol into Florida.

time." Fed. R. Civ. P. 60(c)(1). The Eleventh Circuit interprets this to mean that the motion must be made promptly once the party becomes aware that a judgment contains what the party believes to be an error. The party may not sleep on its rights. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d at 737–38; *A & F Bahamas LLC v. World Venture Group, Inc.*, 796 Fed.Appx. 657, 661 (11th Cir. 2020).

The DABT offers no explanation at all for the long delay. It has been aware of the content of the injunction in this case for sixteen years because it was a party. It has certainly been aware of the scope of the injunction for over three years because the DABT issued an official statement signed by the Director in 2018, in which it affirmed that the injunction applied to vendors. See DABT Final Order, Exhibit C. The DABT cannot wait three years to file a Rule 60 motion. *See Stansell, supra* (waiting nine months waived right to object); *A & F Bahamas LLC*, *supra* (waiting 2 years after judgment and 11 months after becoming aware of the issue waived right to bring Rule 60 motion).

Rule 60 may not be used to challenge an alleged error that could have been (but was not) raised in a timely motion to the District Court or an appeal to the Eleventh Circuit. *Rease v. Harvey*, 376 Fed.Appx. 920, 921 (11th Cir. 2010)*; U.S. v. Byer Industries, Inc.*, 794 F.2d 1560, 1561 (11th Cir. 1986). The district courts are busy enough without having to reopen 16-year-old cases so the losing party can make an argument it could have made earlier when everyone remembered the details of the case.

WHEREFORE, for the foregoing reasons, the DABT's motion to modify the injunction should be denied and the Plaintiffs should be awarded reasonable attorneys' fees for the time spent responding to this motion.

Respectfully submitted:

 /s/  **James A. Tanford**
James A. Tanford
Robert D. Epstein
EPSTEIN COHEN SEIF & PORTER LLP
50 S. Meridian St, Suite 505
Indianapolis IN  46204
(317) 639-1326
tanford@indiana.edu
Rdepstein@aol.com

ATTORNEYS FOR PLAINTIFFS


CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2021, I electronically filed the foregoing Response and

exhibits with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to David Axelman, attorney for the defendant, who is a registered user of the system

s/ James A. Tanford
James A. Tanford (Indiana Attorney No. 16982-53)
EPSTEIN COHEN SEIF & PORTER